| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------X<br>In re:<br><br>ASTON BAKER,<br><br>                         Debtor.<br>------------------------------------------------------X<br>ASTON BAKER,<br>                         Plaintiff,<br><br>-against-<br><br><br>MICHAEL GINDI and PINE PROJECTS, LLC<br><br>                         Defendants.<br>------------------------------------------------------X | Firm #20-3976114<br><br><br>Case No.: 1-01-24227-dem<br><br><br>Chapter 11<br><br><br><br><br><br><br>Adv. Pro. No. 1-05-1130-dem<br><br><br><br>**AMENDED COMPLAINT** |

Plaintiff, Aston Baker, Debtor-in Possession, by his attorneys, Lester & Associates, P.C. for his **Amended Complaint,** *nunc pro tunc* **to March 29, 2005**, against Defendants, Michael Gindi ("Gindi") and Pine Projects, LLC ("Pine Projects") pursuant to court order dated March 26, 2007, alleges as follows:

### Nature of the Adversary Proceeding

1. Plaintiff brings this adversary proceeding to compel the specific performance by Gindi of a written contract for the sale of real property from Plaintiff to Gindi. In the alternative, Plaintiff seeks damages arising from Gindi's breach of contract and for wrongfully stopping payment on the required $200,000.00 initial deposit check tendered to Plaintiff. Plaintiff also seeks damages against Defendant Pine Projects for wrongfully stopping payment on the deposit check and interfering with Plaintiff's contractual relationship with Gindi.

### Jurisdiction and venue

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

3. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (N) and (O).

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## The parties

5. Plaintiff, Aston Baker, Debtor-in-Possession, is the owner of that certain improved real property commonly known as and located at 1980 Campbell Road, Wall Township, in the County of Monmounth and the State of New Jersey as shown on the Wall Township municipal tax map as Lots 42, 70 and 89 in Tax Block 804 (the "Property") consisting of approximately 23 acres.

6. Upon information and belief, Defendant Gindi is an individual residing in the State of New Jersey and is a principal of Defendant Pine Projects.

7. Upon information and belief, Pine Projects is a New Jersey limited liability company with a principal place of business in New Jersey.

## Facts Applicable to All Claims

8. Plaintiff sought and obtained approval from the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") to sell the Property for four million ($4,000,000.00).

9. Plaintiff and Gindi executed and entered into a valid written contract with rider for the sale of real estate (the "Contract") dated February 25, 2005. A true and correct copy of the Contract is annexed hereto as Exhibit "A" and incorporated herewith.

10. Pursuant to the terms of the Contract, Plaintiff agreed to sell the Property and Gindi agreed to buy the Property for a purchase price of net Four Million ($4,000,000.00) Dollars.

11. Pursuant to the terms of the Contract, Gindi was required to make a Two Hundred Thousand ($200,000.00) Dollars initial deposit with Plaintiff upon signing the Contract.

12. Pursuant to the terms of the Contract, Gindi was required to pay the balance of the purchase price totaling Three Million Eight Hundred Thousand ($3,800,000.00) Dollars, subject to certain adjustments set forth in the Contract, upon the closing of title.

13. Pursuant to the terms of the Contract, the closing was required to take place, with time being of the essence, within 30 days from the entry of an order of the Bankruptcy Court authorizing the sale and approving the terms of sale of the Property, unless otherwise provided.

14. Pursuant to the terms of the Contract, if the "Contract is legally and rightfully cancelled, the Buyer can get back the deposits and the parties will be free of liability to each other".

15. Pursuant to the terms of the Contract, only an agreement in writing signed by both Gindi and Plaintiff can change the terms of the Contract.

16. Pursuant to the terms of the Contract, "[a]ll questions concerning the construction, validity and interpretation of the Contract will be governed by the United States Bankruptcy Code and the laws of the State of New York without giving effect to principles of conflicts of laws."

17. Pursuant to the terms of the Contract, any notices under the Contract must be in writing and properly delivered to the other party.

18. On or about February 25, 2005, Gindi tendered to Plaintiff a check (the "Check") written on the account of Defendant Pine Projects and payable to Plaintiff in the amount of Two Hundred Thousand ($200,000.00) Dollars.

19. The Check was tendered to Plaintiff on account of the purchase price of the Property and constituted the required initial deposit under the terms of the Contract.

20. Subsequent to signing the Contract and tendering the Check to Plaintiff, Gindi and Pine Projects stopped payment on the Check and Gindi orally advised Plaintiff that he would not close on the sale of the Property.

21. Gindi provided no oral or written notice of any default or breach of the Contract by Plaintiff at any time prior or subsequent to stopping payment on the Check and advising Plaintiff that he would not close on the sale of the Property.

22. Gindi and Pine Projects had no valid, rightful or lawful basis pursuant to the terms of the Contract, or otherwise, to stop payment on the Check or to cancel the Contract.

### First Claim for Relief
### (against Gindi)

23. Plaintiff repeats and realleges all previous allegations as though set forth here at length.

24. Plaintiff has abided by all terms of the Contract and stands ready willing and able, and at all relevant times has stood ready, willing and able, to undertake the transfer of ownership of the Property to Gindi pursuant to the terms of the Contract.

25. Gindi wrongfully and unlawfully breached the Contract by stopping payment on the Check and failing to otherwise tender the required initial deposit.

26. Gindi wrongfully and unlawfully repudiated and breached the Contract by orally advising Plaintiff that he would not close on the sale of the Property without providing written notice of any valid, rightful or lawful basis to cancel the Contract.

27. Money damages are inadequate to protect Plaintiff's expectation interest.

28. Plaintiff has no adequate remedy at law.

29. Plaintiff is entitled to an order compelling specific performance of the Contract by Gindi and requiring Gindi to tender the purchase price in the amount of $4,000,000.00 to Plaintiff and to close on the sale of the Property from Plaintiff to Gindi pursuant to the terms of the Contract.

### Second Claim for Relief
**(against Gindi and Pine Projects and in the alternative to the first claim for relief)**

30. Plaintiff repeats and realleges paragraphs 1 through 26 as though set forth here at length.

31. Gindi willfully default on and repudiated the Contract without lawful excuse.

32. Gindi thereby lost any right to his initial deposit tendered by the Check in the amount of $200,000.00 and Plaintiff is entitled to said funds.

33. Gindi and Pine Projects thus had no rightful or lawful basis to stop payment on the Check.

34. Plaintiff has been damaged thereby in the amount of $200,000.00.

### Third Claim for Relief
**(against Gindi and in the alternative to the first claim for relief)**

35. Plaintiff repeats and realleges paragraphs 1 through 26 and 30 and 30 through 34 as though set forth here at length.

36. Plaintiff has been damages by Gindi's wrongful and unlawful repudiation and breach of the Contract, including the expenses incurred by Plaintiff in preparing to sell the Property to Gindi, the expenses it will incur in re-marketing and attempting to sell the Property to a third party, the additional carrying charges it will incur until the Property is sold, and the difference between the purchase price set forth in the Contract and the market value of the Property at the time of Gindi's breach or the resale amount.

37. Plaintiff is entitled to damages in an amount to be determined at trial.

**Fourth Claim for Relief**
(against Pine Projects)

38. Plaintiff repeats and realleges all previous allegations as though set forth here at length.

39. Upon information and belief, Pine Projects was aware of the Contract between Plaintiff and Gindi.

40. Upon information and belief, Pine Projects was aware that the Check was tendered to Plaintiff on account of the purchase price set forth in the Contract and as the required initial deposit under the terms of the Contract.

41. Upon information and belief, Pine Projects intended to and did interfere with the Contract between Plaintiff and Gindi and caused Gindi to breach the Contract by stopping payment on the Check.

42. Upon information and belief, Pine Projects had no reasonable justification to stop payment on the check and wrongfully and unlawfully stopped payment on the check with malice.

43. Plaintiff has been damaged thereby in an amount to be determined.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a) On the First Claim for Relief, an order compelling specific performance of the Contract by Gindi and requiring Gindi to tender the purchase price in the amount of $4,000,000.00 to Plaintiff and to close on the sale of the Properties from Plaintiff to Gindi pursuant to the terms of the Contract;

(b) On the Second Claim for Relief, in the alternative to the First Claim for Relief if specific performance cannot be decreed, judgment against Gindi and Pine Projects in the amount of $200,000.00 plus interest;

(c) On the Third Claim for Relief, in the alternative to the First Claim for Relief if specific performance cannot be decreed, judgment against Gindi in an amount to be determined at trial;

(d) On the Fourth Claim for Relief, judgment against Pine Projects in an amount to be determined at trial;

(e) An award granting Plaintiff the costs and disbursements of this adversary proceeding; and,

(f) Such other and further relief as the Courts deems just and proper.

Dated: Garden City, New York
March 30, 2007
*Nunc pro tunc* to March 29, 2005

LESTER & ASSOCIATES, P.C.
Attorneys for Aston Baker,
Debtor-in-Possession

By: _____
Roy J. Lester, Esq.
600 Old Country Road, Ste. 229
Garden City, New York 11530
(516) 357-9191

```
UNITED STATES BANKRUPTCY COURT                    Firm # 20-3976114
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In Re:                                             Case No. 101-24227-dem

ASTON BAKER,                                       Chapter 11

                Debtor.
-----------------------------------------------------X
ASTON BAKER, Debtor-in-Possession,

                Plaintiff,
-against-                                          Adv. Pro. No. 105-1130-dem

MICHAEL GINDI and PINE PROJECTS, LLC.,

                Defendants.
-----------------------------------------------------X
```

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
            ) SS.:
COUNTY OF NASSAU )

I, GABRIEL R. KORINMAN, being duly sworn, depose and say:

1. That I am not a party to the action, and I am over eighteen years of age and reside in New York, New York.

2. That on the 3rd day of April, 2007, I served a copy of a AMENDED COMPLAINT by depositing a true copy thereof in an official depository of the United States Postal Service contained in a securely closed post-paid envelope directed to the following persons by First Class Mail at the address designated below which is the last known address of the addressees and enclosed in an envelope containing name and return address of the party effecting service to:

| | |
|---|---|
| Office of the US Trustee<br>33 Whitehall Street, 22nd Floor<br>New York, New York 10004 | Pine Projects, LLC<br>1785 Swarthmore Avenue<br>Lakewood, NJ 08701<br>Attn.: Eli Weinstein |
| Michael Bernstein, Esq.<br>Attorney for Defendant Michael Gindi<br>1680 Michigan Avenue, Suite 736<br>Miami, Florida 33139 | Michael Bernstein, Esq.<br>Attorney for Defendant Pine Projects, LLC<br>1680 Michigan Avenue, Suite 736<br>Miami, Florida 33139 |

s/ Gabriel R. Korinman
_____
GABRIEL R. KORINMAN

Sworn to before me this
3rd day of April, 2007

s/ Mark I. Masini
_____
NOTARY PUBLIC

MARK I. MASINI
Notary Public, State of New York
No. 02MA6061726
Qualified in Nassau County
Commission Expires July 16, 20 07

```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
IN RE:                                    Chapter 11

ASTON BAKER,                              Bankr. Case No.
                                                01-24227-DEM
              Debtor.
---------------------------------X
ASTON BAKER,

              Plaintiff,                  Adv. Pro. No.
                                                05-1130-dem
-against-

MICHAEL GINDI and PINE PROJECTS
DEVELOPERS LLC

              Defendants.
```

## AMENDED COMPLAINT

# LESTER & ASSOCIATES, P.C.
Attorney(s) for   Debtor/Plaintiff
600 OLD COUNTRY ROAD
SUITE 229
GARDEN CITY, NY 11530
(516) 357-9191

Service of a copy of the within
         is hereby admitted.
Dated,
Attorney(s) for

_____

Sir: Please take notice
**NOTICE OF ENTRY**
that the within is a (certified) true copy of a

duly entered in the office of the clerk of the within named court on          19
**NOTICE OF SETTLEMENT**
that an order                              of which the within is a true copy will be presented for

settlement to the HON.                                                one of the