UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

ASTON BAKER,

                Debtor.

-----------------------------------------------------------x
ASTON BAKER, Debtor in Possession,

                Plaintiff,

   -against-

MICHAEL GINDI and PINE PROJECTS, LLC,

                Defendants.
-----------------------------------------------------------x
MICHAEL GINDI and PINE PROJECTS, LLC,

                Third-Party Plaintiffs,

   -against-

BAYROCK REALTY GROUP, INC.,
BAYROCK GROUP, LLC, and
MICHAEL CHUDI EJEKAM,

                Third-Party Defendants.
-----------------------------------------------------------x

Chapter 11

Case No. 01-24227 (DEM)

Adv. Proc. No. 05-1130 (DEM)

## ANSWER OF BAYROCK TO THE THIRD-PARTY COMPLAINT

Third-party defendants Bayrock Realty Group, Inc. ("Bayrock Realty") and Bayrock Group, LLC ("Bayrock Group") (jointly, "Bayrock"), for their answer to the Third-Party Complaint of Michael Gindi ("Gindi") and Pine Projects, LLC ("Pine Projects") – which appears on pages 8 through 15 of the "Amended Answer and Third Party Complaint" of Gindi and Pine Projects filed on May 15, 2007 – allege as follows:[1]

---

[1] All paragraph numbers mentioned in the text herein refer to the paragraphs of the Third-Party Complaint, unless otherwise indicated.

{NY016136;1}

1. Admit that Gindi and Pine Projects allege claims for indemnification in this third-party action, and deny the remaining allegations contained in paragraph 1.

2. Do not contest the allegations contained in paragraph 2 (concerning jurisdiction).

3. Do not contest the allegations contained in paragraph 3 (concerning venue).

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Admit that, at a time when Ejekam was affiliated with Bayrock, Ejekam communicated with Gindi regarding a property located at 1980 Campbell Road, Wall Township, Monmouth County, NJ, and deny the remaining allegations contained in paragraph 6.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. Deny the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Admit that someone acting for Gindi and/or Pine Projects gave Ejekam a signed check, on which Ejekam, as authorized by Gindi and Pine Projects, hand wrote the name of the payee and the amount of the check, and deny the remaining allegations contained in paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14.

15. In response to paragraph 15, repeat the responses herein to paragraphs 1 through 14.

16. Deny the allegations contained in paragraph 16.

17. Deny the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. In response to the *first* paragraph 21 (on page 12 of the Amended Answer and Third Party Complaint), repeat the responses herein to paragraphs 1 through 20. In response to the *second* paragraph 21 (on page 13 of the Amended Answer and Third Party Complaint), deny the allegations contained in that paragraph.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. In response to paragraph 26, repeat the responses herein to paragraphs 1 through 25.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Admit that Ejekam, as authorized by Gindi and Pine Projects, hand wrote the name of the payee and the amount on the check, and deny the remaining allegations in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

**First Affirmative Defense**
(Failure to state claim in Third Party Complaint)

34. The Third Party Complaint fails to state any claim upon which relief can be granted.

**Second Affirmative Defense**
(Failure to plead fraud with particularity)

35. The First and Second Claims for Relief in the Third Party Complaint fail to state the circumstances that constituted the alleged fraud with sufficient particularity, as required by Fed. R. Civ. P. 9(b) and Bankruptcy Rule 7009.

**Third Affirmative Defense**
(No justifiable reliance)

36. Third-party plaintiffs did not justifiably rely on any alleged representations that Ejekam made to them.

**Fourth Affirmative Defense**
(No representations per Notice of Sale)

37. The notice of sale of the Property filed in the Bankruptcy Court, dated January 25, 2005 (the "Notice of Sale"), expressly stated that the premises were offered "without any warranties or representations of any type by the Debtor except that the Debtor has good title

thereto." Therefore, third-party plaintiffs could not have justifiably relied on any representations regarding the Property except as to title.

### Fifth Affirmative Defense
(Failure to state claim in Amended Complaint)

38. The Amended Complaint of the plaintiff, Aston Baker, fails to state any claim against the defendants, Gindi and Pine Projects, upon which relief can be granted.

### Sixth Affirmative Defense
(Any remedy limited to amount of 10% deposit)

39. The Notice of Sale provided that the Debtor's sole remedy in the event a successful bidder failed to close on the purchase of the Property "for any reason other than the Debtor's inability to transfer title" was for the bidder to forfeit the 10% deposit (which in this case was $200,000). Therefore, even if any valid claim could be stated by plaintiff or by third-party plaintiffs (which Bayrock denies), plaintiff would have no valid claim against defendants, and defendants and third-party plaintiffs would have no valid claim against Bayrock, for any relief beyond the amount of said 10% deposit.

### Seventh Affirmative Defense
(Lack of Bankruptcy Court approval as required by Notice of Sale)

40. Upon information and belief (based on the Bankruptcy Court's docket in this case), the Bankruptcy Court never approved the sale of the Property to the defendants (or any person affiliated with them), which approval was an express condition to the Debtor accepting any bid, as stated in the Notice of Sale. Therefore, plaintiff has no valid claim against defendants, and defendants and third-party plaintiffs have no valid claim against Bayrock.

**Eighth Affirmative Defense**
(Lack of auction or hearing as required by Notice of Sale)

41.     Upon information and belief (based on the Bankruptcy Court's docket in this case), neither an auction nor a hearing was held with respect to the Debtor's proposed sale of the Property, both of which were express requirements as stated in the Notice of Sale.  Therefore, plaintiff has no valid claim against defendants, and defendants and third-party plaintiffs have no valid claim against Bayrock.

**Ninth Affirmative Defense**
(Lack of Bankruptcy Court approval as required by Contract of Sale)

42.     The alleged Contract of Sale of Real Estate between the Debtor and Gindi, dated February 25, 2005 (the "Contract of Sale"), provided, *inter alia*, that the closing was to take place within 30 days from the entry of an order by the Bankruptcy Court authorizing and approving the terms of the sale.  Upon information and belief (based on the Bankruptcy Court's docket in this case), the Bankruptcy Court never entered such an order    Therefore, plaintiff has no valid claim against defendants, and defendants and third-party plaintiffs have no valid claim against Bayrock.

**Tenth Affirmative Defense**
(No representations per Contract of Sale)

43.     The Contract of Sale provided, *inter alia*, in paragraph 11, that the Buyer was a sophisticated purchaser; that Buyer was purchasing the Property based on his inspections and investigations of the Property; and that the Debtor made no representations or warranties concerning the Property (except as to ownership).  Therefore, defendants and third-party plaintiffs have no valid claim against Bayrock based on any alleged representations regarding the Property.

**Eleventh Affirmative Defense**
(Pine Projects did not sign Contract of Sale)

44. The Contract of Sale provided, *inter alia*, in paragraph 27, that it would be binding only on all parties who signed it and their successors. Plaintiff does not allege that Pine Projects signed the Contract of Sale. Therefore, plaintiff has no valid claim against Pine Projects, and Pine Projects has no valid claim against Bayrock.

**Twelfth Affirmative Defense**
(Gindi not bound by Contract of Sale)

45. Upon information and belief, although Gindi signed a rider to the Contract of Sale, he did not sign the main body of the Contract of Sale (on page 6), and Gindi alleges that he did not intend to be bound by his signing of the rider. Therefore, if Gindi did not sign the Contract of Sale or did not intend to be bound thereby, then plaintiff has no valid claim against Gindi and Gindi has no valid claim against Bayrock.

**Thirteenth Affirmative Defense**
(Bayrock is not liable whether or not Gindi is bound by the Contract)

46. If Gindi did sign the Contract of Sale, Gindi became legally bound thereby regardless of whether it was delivered to the seller. Therefore, if defendants are liable to plaintiff, such liability is not the result of any alleged conduct by Ejekam, and third-party plaintiffs have no valid claim against Bayrock. Alternatively, if delivery of the Contract of Sale was legally required in order for Gindi to be bound thereby, and Gindi never authorized its delivery to seller, then plaintiff has no valid claim against Gindi and Gindi has no valid claim against Bayrock.

### Fourteenth Affirmative Defense
(Lack of Bankruptcy Court approval as required by rider to Contract of Sale)

47.     The rider to the Contract of Sale provided, *inter alia*, in paragraph 2, that, if the Bankruptcy Court did not enter an order authorizing and approving the sale, the Debtor would not be bound by the Contract of Sale.  Upon information and belief (based on the Bankruptcy Court's docket in this case), the Bankruptcy Court never entered such an order    Therefore, plaintiff has no valid claim against defendants, and defendants and third-party plaintiffs have no valid claim against Bayrock.

### Fifteenth Affirmative Defense
(Plaintiff sustained no damages)

48.     Plaintiff sustained no damages as a result of the alleged wrongful conduct by defendants.  Therefore, plaintiff cannot recover any damages against defendants, and defendants and third-party plaintiffs cannot recover any damages against Bayrock.

### Sixteenth Affirmative Defense
(Integration clause in Contract of Sale)

49.     The Contract of Sale contains an integration clause, in paragraph 26, which precludes any claims by either party that it was induced to enter into that contract by any oral representations.  Therefore, defendants and third-party plaintiffs have no valid claim against Bayrock based on any oral representations allegedly made by Ejekam.

### Seventeenth Affirmative Defense
(Integration clause in Non-Circumvention/Fee Agreement)

50.     Defendants and third-party plaintiffs are bound by the integration clause in the Non-Circumvention/Fee Agreement dated February 7, 2005, between Bayrock Realty and E&M Holdings, its partners and affiliates.  That clause provides in relevant part that it may not be amended or modified except in writing signed by the parties.  Therefore, defendants and third-

party plaintiffs have no valid claim against Bayrock based on any oral representations allegedly made by Ejekam.

### Eighteenth Affirmative Defense
(Statute of Frauds – agreements required to be in writing)

51.     Defendants and third-party plaintiffs have no valid claims against Bayrock because such claims are based on oral representations allegedly made by Ejekam, which representations are not enforceable, under N.Y. Gen. Oblig. Law § 5-701(10), as they are not in writing and subscribed by the party charged therewith.

### Nineteenth Affirmative Defense
(Bayrock not liable for alleged conduct of Ejekam)

52.     If Ejekam is found to have acted wrongly towards defendants and third-party plaintiffs, which Bayrock denies, then Bayrock is not liable for such conduct, under the principle of *respondeat superior* or other theories regarding principals and agents, because in so acting, Ejekam acted well beyond the scope of his actual or apparent authority to act for or bind Bayrock.

WHEREFORE, Bayrock Realty and Bayrock Group demand judgment dismissing all third-party claims alleged against them, together with the costs of this action and such other relief as the Court may deem just and proper.

[*Date and signature appears on next page.*]

Dated:  July 30, 2007

                    AKERMAN SENTERFITT LLP
*Attorneys for Third-Party Defendants Bayrock Realty Group, Inc. and Bayrock Group, LLC*
335 Madison Avenue, 26th Floor
New York, New York 10017
Tel. (212) 880-3800
Fax (212) 880-8965

           s/ *Martin Domb*

By:    _____
           Martin Domb (MD-4109)

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2007, a copy of the foregoing request for production of documents was served via the Court's ECF and by e-mail to:

    MICHAEL I. BERNSTEIN, P.A.
    1688 Meridian Avenue, Suite 418
    Miami Beach, FL 33139
    (305) 672-9544
    E-mail:  michael@miblawoffice.com

    LESTER & ASSOCIATES, P.C.
    Attn:  Roy J. Lester
    600 Old Country Road, Suite 229
    Garden City, NY 11530
    (516) 357-9191
    E-mail:  rlester@rlesterlaw.com

           s/ *Martin Domb*

By:    _____
           Martin Domb (MD-4109)
           335 Madison Avenue, 26th Floor
           New York, New York 10017
           (212) 880-3800
           E-mail:  martin.domb@akerman.com